UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDSEY GODWIN,**

    **Plaintiff,**

v.                                                               CASE NO.:

**CERTIFIED COLLECTIBLES
GROUP, LLC,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LINDSEY GODWIN, by and through undersigned counsel, brings this action against Defendant, CERTIFIED COLLECTIBLES GROUP, LLC, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Manatee County, Florida.

5. Defendant operates in Sarasota County, Florida.

## **GENERAL ALLEGATIONS**

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

11. Plaintiff is a woman.

12. Plaintiff began working for Defendant in or around June 2022.

13. Throughout her employment with Respondent, Plaintiff was subjected to sex discrimination, sexual harassment, and retaliation.

14. When Plaintiff was initially hired, she was working remotely.

15. In early March 2023, Plaintiff began working in-person at Defendant's West Coast office around five (5) days per month.

16. Then, in or around February 2024, Plaintiff began working full time in-person at the West Coast office every day.

17. Immediately, Plaintiff began to experience sex discrimination and sexual harassment.

18. By way of example, Defendant's employees routinely made sexual jokes in the presence of Plaintiff.

19. In this office, Plaintiff was one of approximately only fifteen (15) women, compared to the over one-hundred (100) male employees.

20. Further, Plaintiff's male employees would continually refer to Plaintiff as a "homie hopper," intending to imply to other co-workers that Plaintiff is sexually promiscuous.

21. Plaintiff was also subjected to being screamed at by male employees, including during a work trip, in front of Defendant's Vice President ("VP").

22. Despite Plaintiff's objection to this, instead of the VP taking remedial action, the VP laughed at Plaintiff.

23. By way of another example, while Plaintiff was on another work trip, a male employee asked Plaintiff if she was wearing underwear under her dress.

24. Additionally, on or around June 2, 2024, a sexual joke was made by one of Defendant's male employees, which someone reported to Human Resources ("HR").

25. HR then conducted an investigation and spoke to numerous employees, including Plaintiff.

26. During this call with HR, on or around June 11, 2024, Plaintiff engaged in protected activity by complaining to HR that male employees were calling her a "homie hopper," about being asked if she was wearing underwear by another male employee, and about how she is routinely subjected to sexual "jokes" made by male employees in the office.

27. However, HR failed to take remedial action in response to Plaintiff's complaints of sex discrimination and sexual harassment.

28. Shortly after her complaints to HR, on or around June 26, 2024, Defendant terminated Plaintiff based on her sex and in retaliation for engaging in protected activity, in violation of Title VII and the FCRA.

29. Defendant offered the merely pretextual reasons of "performance issues and lack of professionalism" for the termination.

30. However, Plaintiff had previously received no critiques of her performance and Defendant refused to provide Plaintiff with any additional information upon her termination.

31. These purported reasons for Plaintiff's termination were merely pretextual.

32. Notably, none of the men who were also interviewed by HR regarding the June 2, 2024, sexual "joke" were terminated.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 6 through 32 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under Title VII.

35. Plaintiff was subjected to disparate treatment on the basis of sex, including termination.

36. Defendant knew or should have known of the disparate treatment and sexual harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

### COUNT II – TITLE VII VIOLATION (SEXUAL HARASSMENT)

39. Plaintiff realleges and readopts the allegations of paragraphs 6 through 32 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under Title VII.

41. Plaintiff was subjected to harassment on the basis of sex.

42. Defendant knew or should have known of the sexual harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

  i) All costs and attorney's fees incurred in prosecuting these claims; and

  j) For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

45. Plaintiff realleges and readopts the allegations of paragraphs 6 through 32 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under Title VII.

47. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

48. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## **COUNT IV – FCRA VIOLATION**
**(SEX DISCRIMINATION)**

51. Plaintiff realleges and readopts the allegations of paragraphs 6 through 32 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class, based on her sex (female), under the FCRA.

53. Plaintiff was subjected to disparate treatment by Defendant on the basis of her sex, including termination.

54. Defendant's actions were willful and done with malice.

55. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

### COUNT V – FCRA VIOLATION
### (SEXUAL HARASSMENT)

56. Plaintiff realleges and readopts the allegations of paragraphs 6 through 32 of this Complaint, as though fully set forth herein.

57. Plaintiff is a member of a protected class, based on her sex (female), under the FCRA.

58. Plaintiff was subjected to harassment by Defendant on the basis of her sex.

59. Defendant's actions were willful and done with malice.

60. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)     Compensation for lost wages, benefits, and other remuneration;

    d)     Front pay;

    e)     Any other compensatory damages, including emotional distress, allowable at law;

    f)     Punitive damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

61. Plaintiff realleges and readopts the allegations of paragraphs 6 through 32 of this Complaint, as though fully set forth herein.

62. Plaintiff is a member of a protected class under the FCRA, based on her sex.

63. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination and sexual harassment against Plaintiff.

64. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

    f)    Front pay;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

      i)     Prejudgment interest on all monetary recovery obtained.

      j)     All costs and attorney's fees incurred in prosecuting these claims; and

      k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of June, 2025.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar No: 37061
**HANNAH E. DeBELLA**
Florida Bar No: 1026002
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
Attorneys for Plaintiff